IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:05-CV-321-GCM-DCK

| | |
|---|---|
| SUDIE E. ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| JO ANNE B. BARNHART, ) | |
| Commissioner Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER IS BEFORE THE COURT** on the Plaintiff's "Motion for Summary Judgment" (Document No. 11) and "Plaintiff's Memorandum in Support of Motion for Summary Judgment" (Document No. 12), filed March 13, 2006; and the Defendant's "Motion for Summary Judgment (Document No. 14) and "Memorandum in Support of the Commissioner's Decision" (Document No. 15), filed May 11, 2006. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned finds that the Commissioner's decision to deny Plaintiff Social Security disability benefits is supported by substantial evidence. Accordingly, the undersigned will recommend that the district court <u>deny</u> Plaintiff's Motion for Summary Judgment, <u>grant</u> the Commissioner's Motion for Summary Judgment, and <u>affirm</u> the Commissioner's decision.

## I. PROCEDURAL HISTORY

On July 7, 2001, Plaintiff applied for a period of disability, Social Security disability insurance benefits and Supplemental Security Income, alleging that she became disabled on March

10, 2001. Plaintiff alleged her disability resulted from chronic lower back pain resulting from degenerative disc disease, and the related pain transferring down her leg. Plaintiff also alleged she suffers from anxiety attacks and depression. Plaintiff's claim was denied initially and then again on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held March 12, 2003. The ALJ issued a partially favorable decision on July 20, 2003, finding that Plaintiff was disabled beginning, and not prior to, October 2002.

Subsequently, Plaintiff filed a Request for Review of Hearing Decision. On June 20, 2005, the Appeals Council denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner. Plaintiff filed this action on July 13, 2005, and the parties' cross-motions for summary judgment are ripe for this Court's consideration.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The district court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Perales, 402 U.S. at 401, the Fourth Circuit defined

"substantial evidence" as:

> being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether at any time the Plaintiff became "disabled" as that term of art is defined for Social Security purposes.[1] The ALJ considered the evidence and concluded

---

[1] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:
> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ....

3

in his written opinion that Plaintiff suffers from lumbar degenerative disc disease and chronic back, right hip, and right leg pain, all of which are "severe" impairments within the regulatory meaning, but that no impairment or combination of impairments meets or medically equals one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4; that Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability; and that Plaintiff, prior to October 2002, could perform unskilled light work, with a sit/stand option and limited standing, bending, crawling, stooping and squatting. Based on this residual functional capacity (RFC), the ALJ found that Plaintiff could perform her past relevant work as an egg sorter. The ALJ determined that prior to October 2002, there were jobs in the national economy the Plaintiff could have been suitable for within her light, sedentary work restrictions.

While determining that Plaintiff was not disabled prior to October 2002, the ALJ determined that as of October 2002, Plaintiff's condition had deteriorated to the extent that she could no longer perform substantial gainful activity on a sustained basis. The ALJ thus determined that as of October 2002, Plaintiff was disabled within the meaning of the Social Security Act. It is this partially favorable decision of the ALJ that Plaintiff now appeals. In short, Plaintiff contends that the ALJ erred in not finding that her disability began earlier.

Plaintiff contends on appeal that the substantial weight of the evidence does not support the ALJ's finding that she was not disabled prior to October 2002. Plaintiff argues that there is substantial evidence to support that she was in fact disabled beginning March 10, 2001. Specifically, Plaintiff contends that (1) the ALJ failed to evaluate the relevant evidence or explain his credibility findings as provided by the process set out by Social Security Ruling (SSR) 96-7p; (2) the ALJ erred

---

Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

in failing to give proper weight to the opinions of her treating physician, Dr. Seth Jaffe; and (3) the ALJ did not properly assess Plaintiff's impairments in his RFC determination because he failed to consider Plaintiff's combination of impairments or her obesity.

The undersigned concludes that there is substantial evidence to support the ALJ's credibility analysis and that he specifically reviewed the medical records relevant to the time period at issue. The ALJ cited not only to those records, but also to hearing testimony and evidence of Plaintiff's daily activities (Tr. 31-35). The ALJ then properly found that the evidence of record did not support Plaintiff's complaints of severely disabling pain prior to October 2002, but instead revealed that she retained the RFC to perform light work with additional limitations (Tr. 35, 39 at Finding 12). The undersigned further concludes that there is evidence to support the ALJ's finding regarding Plaintiff's impairment, as well as the ultimate conclusion that Plaintiff was not disabled prior to October 2002 so as to preclude her from working.

### A. Extent of Pain Alleged by Plaintiff

Plaintiff contends that "if an underlying impairment capable of producing pain is shown, subjective evidence of the pain, its intensity or degree can, by itself, support a finding of disability." Hyatt v. Sullivan, 899 F.2d 329, 337 (4th Cir. 1990). Plaintiff asserts that the records of her treating physicians bear this out with x-rays, MRI, and other testing. The ALJ considered all relevant evidence including objective medical evidence, which is a useful indicator of the effect of symptoms on an individual's ability to work. In order "for pain to be found to be disabling, there must be shown a medically determinable impairment which could reasonably be expected to cause not just pain, or some pain, or pain of some kind of severity, but *the pain the claimant alleges she suffers.*" Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996) (Emphasis added). The ALJ reasonably found that

the objective medical evidence of record failed to support Plaintiff's claims of disabling pain prior to October 2002 (Tr. 32-35).

The ALJ reviewed the records and concluded that Plaintiff did not receive consistent treatment for her back pain and such treatment was not focused on her back pain until October 2002 (Tr. 36). "An unexplained inconsistency between the claimant's characterization of the severity of her condition and the treatment she sought to alleviate that condition is highly probative of the claimant's credibility." Mickles v. Shalala, 29 F.3d 918, 930 (4th Cir. 1994). It is the undersigned's view that the ALJ's finding that the objective medical evidence of record, as well as his considerations of the inconsistencies in the record (Tr. 29-30) and Plaintiff's statements (Tr. 34), refute Plaintiff's claims of disabling pain prior to October 2002, and should not be disturbed. See Johnson v. Barnhart, 434 F.3d 650, 658 (4th Cir. 2005). Furthermore, the undersigned finds that the ALJ followed the directives of SSR 96-7p in making his credibility determinations.

### B. Testing of Treating Physicians

Next, Plaintiff contends that the ALJ erred in failing to give proper weight to the opinions of her treating physician, Dr. Seth Jaffe. Specifically, Plaintiff contends that the ALJ grievously misapplied the "treating physician rule" by failing to clearly state the weight that he attached to the opinion of any of the treating sources on record, namely Dr. Jaffe. See Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001); see also Pittman v. Massanari, 141 F.Supp. 2d 601, 608 (W.D.N.C. 2001). The undersigned disagrees. The issue of whether a claimant is disabled is administrative in nature and is reserved ultimately for the Commissioner to determine. See 20 C.F.R. §§ 404.1527(e), 416.927(e). Thus, the opinions of Plaintiff's treating sources can never be given special significance, but can only be considered by the ALJ along with other relevant evidence as to whether she is

"disabled" or "unable to work." Id. The Fourth Circuit has established that a treating physician's opinion need not be afforded controlling weight. Hunter v. Sullivan, 993 F.2d, 31, 35 (4th Cir. 1992) (per curiam). A treating physician's opinion on the nature and severity of the alleged impairment is entitled to controlling weight only if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2); Mastro, 270 F.3d at 178. Consequently, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro, 270 F.3d at 178 (citation omitted).

The undersigned finds that the ALJ properly reviewed Dr. Jaffe's treatment notes and found that they did not support his disability statement (Tr. 33-34). Therefore, the ALJ's decision to accord Dr. Jaffe's opinion significantly less weight was just. See Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). See also Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). The undersigned observes that the ALJ's decision determined that Dr. Jaffe's opinions were not consistent with the other substantial evidence of record, in particular Dr. Charles Lockhart's testimony at the hearing (Tr. 96-97) and the opinion of two state agency physicians (Tr. 196-203, 223). See Johnson v. Barnhart, 434 F.3d 650, 657 (4th Cir. 2005). See also Smith v. Schweicker, 795 F.2d 343, 345-346 (4th Cir. 1986). The ALJ thus gave proper weight to Dr. Jaffe's disability opinion and had a reasonable basis for rejecting it.

### C. Residual Functional Capacity

Finally, Plaintiff contends that the ALJ did not properly assess Plaintiff's impairments in his RFC determination because he failed to consider Plaintiff's combination of impairments or her

7

obesity. The ALJ, however, clearly considered Plaintiff's complaints of anxiety, depression, abdominal pain, hypertension, diabetes, and obesity.

The ALJ found with the support of the medical records that Plaintiff's depression was well-controlled in January 2001 (Tr. 454), with a natural response to the death of her daughter in July 2001 being diagnosed as adjustment disorder with depressed mood by Dr. Nona Patterson (Tr. 561). More importantly, Plaintiff did not seek or receive mental health treatment and did not regularly take medication prescribed by her primary care physician (Tr. 90, 563). A CT scan (Tr. 594), an esophagogastroduodenoscopy, and a colonoscopy (Tr. 569-570) all had negative results and showed no evidence of abdominal impairment. Plaintiff's diabetes and hypertension were also well-controlled (Tr. 30). No physician opined that Plaintiff's weight caused severe functional limitations, as she had been obese for many years and was still able to work (Tr. 168-169, 236, 366, 455, 740). The burden is upon the claimant to produce evidence and such evidence has not been presented. See 20 C.F.R. § 404.1512(a), 416.912(a).

The undersigned finds that the ALJ provided substantial evidence to support the finding that a number of these complaints lacked objective evidence to support Plaintiff's claims of significant limitations from these conditions. The ALJ found that Plaintiff's impairments were not as severe as alleged, but would have some effect on her ability to work prior to October 2002 (Tr. 35). The ALJ properly combined the functional limitations from both Plaintiff's physical and mental impairments in determining Plaintiff's RFC and also in formulating the hypothetical question which he presented to the vocational expert. Plaintiff was found to be capable of the performance of unskilled sedentary and light work, with a sit/stand option, and limited standing, bending, crawling, stooping or squatting (Tr. 35). The vocational expert opined that Plaintiff could, based on her RFC,

8

work as a production assembler and gate guard, among other occupations (Tr. 36). Plaintiff's past work as an egg sorter was a sedentary position which would allow a sit/stand option as well. (Tr. 113).

Based on the foregoing, the undersigned concludes that substantial evidence supports the ALJ's assessment of the Plaintiff's RFC and the ultimate finding that Plaintiff was disabled for Social Security purposes as of, but not prior to, October 2002.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (Document No. 11), be **DENIED**; that Defendant's "Motion for Summary Judgment (Document No. 14), be **GRANTED**; and that the Commissioner's determination be **AFFIRMED**.

## V. NOTICE OF APPEAL OF RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v .Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp.101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d

841, 845-46 (4th Cir. 1985); <u>United States v . Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; <u>and to the Honorable Graham C. Mullen</u>.

**SO RECOMMENDED AND ORDERED**.

Signed: August 24, 2007

David C. Keesler
United States Magistrate Judge